# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARMINAK SOLUTIONS LLC,, <br><br> Plaintiff, <br><br> v. <br><br> NATURE LABS, LLC and LOUIS RIVERS, IV, <br><br> Defendants. | HONORABLE JEROME B. SIMANDLE <br><br> Civil No. 18-5698 (JBS-KMW) <br><br> **MEMORANDUM OPINION** |

**SIMANDLE, District Judge**:

1.  This matter is before the Court upon motion by Plaintiff Arminak Solutions LLC for default judgment on Plaintiff's first two causes of action against Defendants Nature Labs, LLC and Louis Rivers, IV. The default judgment motion is filed pursuant to Rule 55(b), Fed. R. Civ. P., and the plaintiff additionally seeks entry of a final judgment under Rule 54(b), Fed. R. Civ. P.

2.  Plaintiff has complied with all procedural requirements for entry of default judgment. This court has diversity jurisdiction under 28 U.S.C. § 1332, and it has personal jurisdiction over the Defendants, who were each served in New Jersey. Plaintiff's Complaint, filed April 9, 2018, consisted of four counts, and default judgment is sought only

upon the first two counts, namely, breach of contract and unjust enrichment, respectively.

3. Plaintiff and defendants entered into a contract under which the defendants agreed that Nature Labs and Mr. Rivers, its Chief Executive Officer, would prepare certain products known as "Bath Bombs" for the specific purpose of supplying them to Arminak, and that Arminak would advance payment for defendants to produce these products (which are used to add essential oils, scent, bubbles, and color to bath water). On or about December 29, 2017, the parties entered into a Vendor Advance Agreement whereby Defendants agreed to produce the bath bombs. (Compl. ¶ 12.) The Complaint alleges, and by defaulting the defendants admit, that the defendants misrepresented that the bath bomb products were being prepared and ready for delivery to Arminak as promised, and that in fact, no such products were ever furnished to Arminak despite Arminak's advanced payments.

4. The defendants were each duly served with process at their address in Medford, New Jersey on April 19, 2018. (Decl. of Helga Arminak [Docket Item 7-3] at Exhibits A and B).

5. The defendants' time to answer or otherwise plead to the Complaint expired and at the request of Plaintiffs, the Clerk of Court entered default as to both defendants on May 22, 2018.

6.  This motion is a book-account situation in which the Plaintiffs have demonstrated that they have made a series of payments, consisting of deposits and advance payments to the Defendants beginning as early as October 31, 2017 and continuing until January 12, 2018, in the total amount of $261,722.98 (see Arminak Decl. at ¶ 10 and Exhibits D-K thereto).  Plaintiffs have demonstrated that they paid defendants the sums in reliance upon the parties' contract and in reliance upon the false representations of defendants that the products were being prepared and would be furnished.  In fact, after receiving these advance payments, defendants breached their obligations by failing to manufacture and deliver any of the "bath bombs." (Arminak Decl. at ¶ 10).  Defendants are liable for breach of contract in Count I and for unjust enrichment in Count II.

7.  Default judgment is proper because the Court has determined (1) that is has personal and subject matter jurisdiction over the defendants, (2) that the defendants were properly served and failed to respond, (3) that the Complaint sufficiently pleads a cause of action, and (4) that the plaintiffs have proven damages based upon the sworn statement of a person having personal knowledge.  Days Inns Worldwide, Inc. v. Jinisha, Inc., Civil No. 14-6794, 2015 WL 4508413, at *1 (D.N.J. July 24, 2015).  All allegations of the Complaint, other than as to damages, are deemed admitted by these defaulting

Defendants, and entitlement to monetary damages has been established by competent evidence.  Likewise, there appears to be no meritorious defense, assuming the truthfulness of facts pled in the Complaint and in the Arminak Declaration and documents attached thereto.

8. Accordingly, plaintiffs are entitled to default judgment against the defendants on each of Counts I and II in the amount of $261,722.98 plus prejudgment interest from April 9, 2018 to the date the Judgment is entered.

9. Finally, Plaintiffs' request for entry of final judgment pursuant to Rule 54(b), Fed. R. Civ. P., will be granted, the Court finding that entry of judgment as to Counts I and II, as requested, is proper and that there is no just reason to delay entry of final judgment.

The accompanying Order for Default Judgment and for certifying Final Judgment will be entered.

**August 23, 2018**           **s/ Jerome B. Simandle**
Date          JEROME B. SIMANDLE
         U.S. District Judge